**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-458

LEONARD MARTINEZ, DOUG PATRICK, SAMANTHA PATRICK, DEVIN QUINTANA, SCOTT ROSENBAUM, STEVEN ROSENBAUM, JOSEPH VIALPANDO, MICHAEL WOLFE, DENNIS GREGORY, FRANCISCO MEDINA and SCOTTIE LEE WRAY

Plaintiffs,

v.

RED'S TOWING

Defendant.

---

# COMPLAINT

---

Plaintiffs, LEONARD MARTINEZ, DOUG PATRICK, SAMANTHA PATRICK, DEVIN QUINTANA, SCOTT ROSENBAUM, STEVEN ROSENBAUM, JOSEPH VIALPANDO, MICHAEL WOLFE, DENNIS GREGORY, FRANCISCO MEDINA and SCOTTIE LEE WRAY ("Plaintiffs"), by and through their counsel, for their Complaint against Defendant RED'S TOWING ("Defendant") hereby state and allege as follows:

1. Defendant owns and/or operates a towing company located in Denver, Colorado, including the following principal office street address:

    a. 1321 Delaware Street, Denver, Colorado 80204.

2. Plaintiffs were improperly classified as "independent contractors." Plaintiffs are all non-exempt employees of Defendant.

3. The Defendant uniformly denied wages and overtime pay to Plaintiffs for hours worked on behalf of the Defendant. More specifically, Defendant failed to pay Plaintiffs for all hours worked during their shifts as well as for on call hours. Plaintiffs were not properly paid for their straight time and overtime.

4. The Defendant's deliberate failure to pay employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA") and the Colorado Wage Act ("CWA").

5. Plaintiffs were all subject to the same illegal policy and practice of failing to pay workers for all time worked including failing to pay associated overtime wages.

6. This cause of action is brought to recover from Defendant unpaid wages, overtime compensation, a declaratory judgment, liquidated damages, and the costs and attorneys' fees associated with the bringing of this action, plus any additional relief that is just and proper for Plaintiffs.

## JURISDICTION AND VENUE

7. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 6 of this Complaint as if set forth *verbatim*.

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce of the FLSA, 29 U.S.C. §§ 203(s)(1)(A)(i); 29 C.F.R. § 776.11). The annual gross sales volume of the Defendant was in excess of $500,000 per annum.

10. Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protections of the FLSA.

11. Plaintiff's interstate commerce activity was *de minimis* and thus the Motor Carrier Exemption does not apply. Plaintiffs did not operate vehicles affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Vehicle Carrier Act.

12. This Court also has jurisdiction over Plaintiffs' claims for violations of the Colorado Wage Act pursuant to 28 U.S.C. § 1367 because the State claims are so related to the FLSA claims that they form part of the same case or controversy.

13. This Court has supplemental jurisdiction over Plaintiffs' unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as wage and hour claims.

14. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the District of Colorado.

## COVERAGE

15. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 14 of this Complaint as if set forth *verbatim*.

16. At all times material hereto, Plaintiffs were "employees" of Defendant within the meaning of FLSA because they were individuals employed by the employer. Also, all Plaintiffs were "employees" of Defendant within the meaning of FLSA because:

   a. the Defendant exercised control over Plaintiffs work schedules, work tasks and work processes;

   b. the Plaintiffs had no opportunity to experience a profit or loss consistent with the characteristics of being independent businesswomen/businessmen:

   c. the Plaintiffs did not invest in Defendant's business, did not include amount of large capital expenditures, such as risk capital and capital investments, not negligible items, or labor itself;

   d. Plaintiffs did not transfer from place to place as particular work is offered to them; Plaintiffs worked for only one employer, Defendant, and such relationship was continuous and of indefinite duration;

   e. Plaintiffs did not "make any independent judgments," and thus did not exercise their skills "in any independent manner";

   f. Plaintiffs' services were a necessary component of Defendant's business; and

   g. Plaintiffs did not bring their own tools or equipment to work, most, if not all, tools and equipment were the property of Defendant.

17. At all times material hereto, Defendant was an "employer" within the meaning of FLSA because Defendant acted directly or indirectly in the interest of the employer in relation to an employee. 29 U.S.C. § 203(d). See *Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189 (D. Colo. 2012).

18. The FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (quoting 29 U.S.C. § 203(g)). "An entity 'suffers or permits' an individual to work if, as a matter of 'economic reality', the entity functions as the individual's employer." *Zheng v. Liberty Apparel Co., Inc.,* 355 F.3d 61, 66 (2d Cir.2003) (citing *Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961).

*19.* The Tenth Circuit has adopted the economic reality test for determining an employment relationship. *Baker v. Flint Eng'g & Const. Co.,* 137 F.3d 1436, 1439

-3-

COMPLAINT

(10th Cir.1998).  The *Baker* court held that "[t]he economic reality test includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Id.* (citing *Watson v. Graves,* 909 F.2d 1549, 1553 (5th Cir.1990)).

20.  At all times material hereto, Defendant was an employer because it had the ability to do the following with respect to Plaintiffs: hire and fire, supervise work schedules and do the following with respect to Plaintiffs: hire and fire, supervise work schedules and conditions of employment, determined rates and method of payment and were obligated under the law to maintain employment records.

21.  Also, at all times material hereto, Defendant was an employer because it held exclusive operational control over Plaintiffs, was solely responsible for the day-to-day operations *and* had direct responsibility for the supervision of the Plaintiffs.

22.  At all times material hereto, Defendant had two (2) or more employees.

23.  At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

24.  The FLSA defines an enterprise engaged in commerce or in the production of goods for commerce as one that "(a)(i) has employees engaged in commerce or in the production of goods for commerce**,** or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and* (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000...." 29 U.S.C. § 203(s)(1); *See Tripodi v. Microculture, Inc.,* 397 F. Supp. 2d 1308, 1313 (D. Utah 2005).

25.  At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

26.  Also, based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods.

27.  At all times material hereto, Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA.

28.  Likewise, section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  Because none of the FLSA exemptions apply to Plaintiffs, at all times material hereto, Plaintiffs were non-exempt.

## **PARTIES**

29.  Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 28 of this Complaint as if set forth *verbatim*.

30. At all times pertinent hereto, individual Plaintiff Leonard Martinez was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 6771 King Street, Westminster, Colorado 80003. At all times pertinent hereto, Plaintiff Martinez was a non-exempt employee of the Defendant, working as a driver for Defendant. Plaintiff Martinez worked for Defendant from July 2012 until June 2013.

31. At all times pertinent hereto, individual Plaintiff Doug Patrick was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 1861 E. 95th Avenue, Thornton, Colorado 80229. At all times pertinent hereto, Plaintiff Patrick was a non-exempt employee of the Defendant, working as a driver for Defendant. Plaintiff Patrick worked for Defendant from July 2011 to January 2013.

32. At all times pertinent hereto, individual Plaintiff Samantha Patrick was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 1861 E. 95th Avenue, Thornton, Colorado 80229. At all times pertinent hereto, Plaintiff Patrick was a non-exempt employee of the Defendant, working as a driver for Defendant. Plaintiff Patrick worked for Defendant from October 2011 to January 2013.

33. At all times pertinent hereto, individual Plaintiff Devin Quintana was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 1279 S. Tejon Street, Denver, Colorado 80223. At all times pertinent hereto, Plaintiff Quintana was a non-exempt employee of the Defendant, working as a two truck operator for Defendant. Plaintiff Quintana worked for Defendant from March 2013 to July 19, 2013.

34. At all times pertinent hereto, individual Plaintiff Scott Rosenbaum was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 1124 Glen Dale Circle, Dacono, Colorado 80514. At all times pertinent hereto, Plaintiff Rosenbaum was a non-exempt employee of the Defendant, working as a driver for Defendant. Plaintiff Rosenbaum worked for Defendant from July 2012 to October 2013.

35. At all times pertinent hereto, individual Plaintiff Steven Rosenbaum was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 1124 Glen Dale Circle, Dacono, Colorado 80514. At all times pertinent hereto, Plaintiff Rosenbaum was a non-exempt employee of the Defendant, working as a driver for Defendant. Plaintiff Rosenbaum worked for Defendant from July 2012 to June 2013.

36. At all times pertinent hereto, individual Plaintiff Michael Wolfe was a citizen of the United States of America and a resident of the State of Colorado with a residential

address of 8631 Santa Fe Drive, Thornton, Colorado 80260. At all times pertinent hereto, Plaintiff Wolfe was a non-exempt employee of the Defendant, working as a driver for Defendant. Plaintiff Wolfe worked for Defendant from October 2012 to May 2013.

37. At all times pertinent hereto, individual Plaintiff Joseph Vialpando was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 3915 Lowell Blvd., Denver, Colorado 80211. At all times pertinent hereto, Plaintiff Vialpando was a non-exempt employee of the Defendant, working as a driver for Defendant. Plaintiff Vialpando worked for Defendant from January 2012 to February 28, 2013.

38. At all times pertinent hereto, individual Plaintiff Scottie Lee Wray was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 7655 W. 67th Ave. #314, Arvada, Colorado. At all times pertinent hereto, Plaintiff Wray was a non-exempt employee of the Defendant, working as a two truck driver for Defendant. Plaintiff Wray worked for Defendant from November 2012 to March 2013.

39. At all times pertinent hereto, individual Plaintiff Dennis Gregory was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 2429 Elmwood Lane, Denver, Colorado, 80221. At all times pertinent hereto, Plaintiff Gregory was a non-exempt employee of the Defendant, working as a two truck driver for Defendant. Plaintiff Gregory worked for Defendant from June 12, 2012 to January 2013.

40. At all times pertinent hereto, individual Plaintiff Francisco Medina was a citizen of the United States of America and a resident of the State of Colorado with a residential address of 4850 W. Ohio Avenue, Denver, Colorado 80219. At all times pertinent hereto, Plaintiff Medina was a non-exempt employee of the Defendant, working as a driver for Defendant. Plaintiff Medina worked for Defendant from May 2012 through August 2013.

41. Upon information and belief, Defendant is incorporated in Colorado with corporate offices located at 1321 Delaware Street, Denver, Colorado 80204.

## **GENERAL ALLEGATIONS**

42. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 41 of this Complaint as if set forth *verbatim*.

43. Defendant operates a tow trucks driving business.

44. Plaintiff's worked over forty hours per week and were not paid overtime.

45. Plaintiffs were not paid for all hours worked during their shifts.  Plaintiffs were not compensated for work related tasks during their regularly scheduled shifts or additional shifts they would work on behalf of Defendant.

46. In addition, Plaintiffs did not receive thirty-minute uninterrupted meal breaks during their shifts wherein they worked more than five consecutive hours. Plaintiff's were required to stay with their truck at all times in order to respond to calls.

47. Plaintiff's were also on-call and were not compensated for responding to accidents or work that occurred after their regular shifts.

48. Plaintiffs were not compensated by Defendant for the work-related tasks performed while during their meal breaks.

49. Plaintiffs were not compensated for all of their straight time worked for the benefit of Defendant.

50. Plaintiffs were also not properly paid overtime for all hours over forty worked for the benefit of the employer in a workweek.

## FIRST CLAIM FOR RELIEF

### Violation of the Fair Labor Standards Act of 1938 and Failure to Maintain Records

51. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 50 of this Complaint as if set forth *verbatim*

52. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

53. Plaintiffs are "employees" pursuant to 29 U.S.C. § 203(e)(1).

54. Defendant is an "employer" pursuant to 29 U.S.C. § 203(d).

55. Plaintiffs were suffered and/or permitted to work by Defendant pursuant to 29 U.S.C. § 203(g).

56. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiffs.  Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

57. The FLSA regulates, among other things, payment of overtime pay by employers whose employees are engaged in the alleged activities of the Defendant's facilities.

58. Defendant was, and is, subject to the recordkeeping, minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

59. Defendant violated the FLSA by failing to pay Plaintiffs all of their time worked, including overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by employees.

60. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

61. Plaintiffs are victims of a uniform compensation policy practice. This uniform policy and practice, in violation of the FLSA, has been applied to all Plaintiffs.

62. Plaintiffs are entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable and agreed-upon tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

63. Defendant has not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime wages, Plaintiffs are entitled to an award of pre- and post-judgment interest at the applicable legal rate.

64. As a result of the aforesaid willful violations of the FLSA minimum wage and overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## SECOND CLAIM FOR RELIEF

### Violation of the Colorado Wage Act and Failure to Maintain Records

65. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 64 of this Complaint as if set forth *verbatim*.

66. Defendant violated the Colorado Wage and hour laws, C.R.S. §§ 8-6-101 *et seq*.

67. Defendant is required under Colorado law to pay all Colorado Plaintiffs for their time worked during their scheduled shift, additional shifts, and interrupted meal breaks. 7 COLO. CODE REGS. § 1103-1:2; 7 COLO. CODE REGS. § 1103-1:7.

68. Defendant is required under Colorado law to pay all Colorado Plaintiffs for unpaid wages and overtime work. 7 COLO. CODE REGS. § 1103-1:4.

69. Defendant is required under Colorado law to maintain accurate daily records of all hours worked by its employees including Plaintiffs. 7 COLO. CODE REGS. § 1103-1:2

70. Because Defendant has not paid all Colorado Plaintiffs for all hours worked and overtime wages, Colorado Plaintiffs have been damaged in an amount to be determined at trial.

71. Because Defendant has failed to maintain accurate daily records of all hours worked, Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### Unjust Enrichment

72. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 71 of this Complaint as if set forth *verbatim*.

73. Defendant suffered and/or permitted Plaintiffs to perform off-the-clock work in one or more work weeks.

74. Plaintiffs were not compensated for these off-the-clock hours.

75. Defendant knowingly accepted the off-the-clock work, but Defendant did not compensate Plaintiffs for this work.

76. Defendant has been unjustly enriched as a result of its accepting the work of Plaintiffs without proper compensation.

77. It would be unjust to allow Defendant to enjoy the fruits of the Plaintiffs' labor without proper compensation.

78. Plaintiffs' unjust enrichment claim seeks unpaid straight time compensation for the off- the-clock work where Plaintiffs made at their respective regular rates of pay for all hours worked.

WHEREFORE, Plaintiffs demand judgment against Defendant, for the payment of compensation for which they have not been properly paid, liquidated damages, reasonable attorneys' fees and costs, prejudgment interest, and for all other appropriate relief.

## JURY DEMAND

Plaintiffs request a trial to a jury on all issues so triable.

Dated this February 21, 2014.

        Respectfully submitted,

        */s/ Sara A. Green*
        Sara A. Green
        BACHUS & SCHANKER, LLC
        1899 Wynkoop Street, Suite 700
        Denver, CO 80202
        Telephone: 303.893.9800
        Facsimile:  303.893.9900
        sara.green@coloradolaw.net