IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00458-KLM

LEONARD MARTINEZ,
DOUG PATRICK,
SAMANTHA PATRICK,
DEVIN QUINTANA,
SCOTT ROSENBAUM,
STEVEN ROSENBAUM,
JOSEPH VIALPANDO,
MICHAEL WOLFE,
DENNIS GREGORY,
FRANCISCO MEDINA, and
SCOTTIE LEE WRAY,

    Plaintiffs,

v.

RED'S TOWING,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Motion for Emergency Hearing on Fed. R. Civ. P. Rule 68 Offer of Judgment and Request for Extension on Deadline to File a Motion to Dismiss** [#35] (the "Motion for Hearing"). A Response [#36] in opposition to the Motion and a Reply [#37] have been filed. On November 2, 2014, Plaintiffs filed a Notice of Acceptance of Offer of Judgment [#32], stating that all Plaintiffs except for Leonard Martinez and Michael Wolfe accepted Defendant's Offer of Judgment [#32-1]. In the Motion [#35], Plaintiffs state that "[o]n November 12, 2014, Defendant's counsel notified

Plaintiffs' attorney that Defendant will not be paying the Offer of Judgment, but may do so in 'installments' at some unknown time in the future as it is able." Plaintiffs further state:

> The purpose of a Rule 68 Offer of Judgment is to encourage settlement. The spirit of the rule is to allow Plaintiffs to settle instead of going to trial. The Offer of Judgment did not state that payment would not be made, or would not be made until some unknown future date(s). Plaintiffs would not have accepted the Offer if they had known that they were not settling this case by their acceptance of the Offer.
>
> Therefore, the Offer of Judgment was not made in good faith. Plaintiffs respectfully ask this Court to impose sanctions on Defendant, and Defendant's counsel pursuant to Fed. R. Civ. P. Rule 11, and ask this Court to invalidate the acceptance of the Offer. Further, Plaintiffs respectfully request that an emergency hearing be held before this Court at its soonest available opportunity.

*Motion* [#35] at 2.

On November 17, 2014, the Court entered a Minute Order on the Motion [#35] in which it took under advisement the portion of the Motion concerning the validity of the Offer of Judgment and Plaintiffs' request for sanctions against Defendant and Defendant's counsel under Rule 11. The present Order adjudicates these issues.

Once Plaintiffs filed the Offer of Judgment [#32-1] and the Notice of Acceptance [#32], the Clerk of Court should have immediately and automatically entered judgment in this matter. This is nondiscretionary. *See* Fed. R. Civ. P. 68(a) ("The clerk must then enter judgment."). If a plaintiff seeks to attack an offer of judgment after a notice of acceptance is filed, but before judgment has actually entered on the matter, "the formally more proper way to approach the problem would be to allow judgment to be entered and attack the judgment under Rule 60(b) . . . ." 12 C. Wright, A. Miller, R. Marcus, *Federal Practice & Procedure* § 3004. *See also Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765

(D.C. Cir. 1995) (stating that "the proper way to proceed . . . is for the Defendant to attack the judgment produced by the Rule 68 offer—which upon acceptance is to be automatically entered by the clerk—under Rule 60"). It appears that the immediate and automatic entry of judgment by the Clerk of Court was inadvertently overlooked. Accordingly,

IT IS HEREBY **ORDERED** that the Clerk of Court shall enter judgment in favor of all Plaintiffs except Leonard Martinez and Michael Wolfe and against Defendant in accordance with Fed. R. Civ. P. 68(a). *See Notice of Acceptance with Offer of Judgment* [#32].

IT IS FURTHER **ORDERED** that the portion of the Motion [#35] taken under advisement on November 17, 2014, is **DENIED without prejudice**. Any post-judgment attacks on the judgment must be brought under Fed. R. Civ. P. 60(b). Any requests for sanctions must be brought under Fed. R. Civ. P. 11.

Dated:  November 25, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge