IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00458-KLM

LEONARD MARTINEZ,
DOUG PATRICK,
SAMANTHA PATRICK,
DEVIN QUINTANA,
SCOTT ROSENBAUM,
STEVEN ROSENBAUM,
JOSEPH VIALPANDO,
MICHAEL WOLFE,
DENNIS GREGORY,
FRANCISCO MEDINA, and
SCOTTIE LEE WRAY,

      Plaintiffs,

v.

RED'S TOWING,

      Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiffs'[1] **Motion Pursuant to Fed. R. Civ. P.**

**60 Relief From Judgment** [#45][2] (the "Motion").  A Response [#47][3] in opposition to the

Motion and a Reply [#49] have been filed.  For the reasons set forth below, the Motion

_____

     [1]  For purposes of the present Motion, "Plaintiffs" includes all Plaintiffs except for Leonard Martinez and Michael Wolfe.

     [2]  "[#45]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  The Court uses this convention throughout this Order.

     [3]  The Response [#47] violates Local Rule 10.1(e), which requires pleadings and documents to be double-spaced.  Future filings that violate this rule will be stricken.

[#45] is **DENIED**.

## I. Background

On November 2, 2014, Plaintiffs filed a Notice of Acceptance of Offer of Judgment

[#32], stating that all Plaintiffs except for Leonard Martinez and Michael Wolfe accepted

Defendant's Offer of Judgment [#32-1].  The Offer of Judgment states:

> Defendant, Red's Towing, by its undersigned attorney, pursuant to Fed. R.
> Civ. P. 68, respectfully submits the following offer of judgment:
>
> . . .
>
> 2. The sum of $4,799.30 plus an equal amount as liquidated damages, for a
> total of $9,598.60 to Plaintiff Doug Patrick.
>
> [Omitted repetition as to various sums and other Plaintiffs.]
>
> The amounts above, including liquidated damages, equal $51,834.90. In
> addition:
>
> 13. Defendant agrees to pay all costs incurred by Plaintiffs up to and
> including the date of this offer.
>
> 14. Defendant agrees to pay all reasonable and necessary attorney fees, as
> determined by the Court, incurred by Plaintiffs up to and including the date
> of this offer.
>
> 15. Defendant believes this offer compensates Plaintiffs with the maximum
> amount they could recover under the law.  Defendant's offer is in exchange
> for the settlement of all Plaintiffs' claims against Defendant, and dismissal,
> with prejudice, of the above-captioned lawsuit.  The offer shall be withdrawn
> if not accepted within 14 days of service.

*Offer of Judgment* [#32-1].[4]

In a prior Motion [#35], Plaintiffs stated that "[o]n November 12, 2014, Defendant's

---

[4]   Although the Offer of Judgment states that it concerns "all Plaintiffs' claims against
Defendant," the parties have proceeded on the understanding that the acceptance of the Offer of
Judgment is valid as to only nine of the eleven Plaintiffs.

counsel notified Plaintiffs' attorney that Defendant will not be paying the Offer of Judgment, but may do so in 'installments' at some unknown time in the future as it is able."  Plaintiffs further stated:

> The purpose of a Rule 68 Offer of Judgment is to encourage settlement.  The spirit of the rule is to allow Plaintiffs to settle instead of going to trial.  The Offer of Judgment did not state that payment would not be made, or would not be made until some unknown future date(s).  Plaintiffs would not have accepted the Offer if they had known that they were not settling this case by their acceptance of the Offer.
>
> Therefore, the Offer of Judgment was not made in good faith.  Plaintiffs respectfully ask this Court to impose sanctions on Defendant, and Defendant's counsel pursuant to Fed. R. Civ. P. Rule 11, and ask this Court to invalidate the acceptance of the Offer.

*Motion* [#35] at 2.

On November 17, 2014, the Court entered a Minute Order on the Motion [#35] in which it took under advisement the portion of the Motion concerning the validity of the Offer of Judgment and Plaintiffs' request for sanctions against Defendant and Defendant's counsel under Rule 11.  On November 25, 2014, the Court entered an Order requiring the Clerk of Court to enter judgment against Defendant, stating:

> Once Plaintiffs filed the Offer of Judgment [#32-1] and the Notice of Acceptance [#32], the Clerk of Court should have immediately and automatically entered judgment in this matter.  This is nondiscretionary.  *See* Fed. R. Civ. P. 68(a) ("The clerk must then enter judgment.").  If a plaintiff seeks to attack an offer of judgment after a notice of acceptance is filed, but before judgment has actually entered on the matter, "the formally more proper way to approach the problem would be to allow judgment to be entered and attack the judgment under Rule 60(b) . . . ."  12 C. Wright, A. Miller, R. Marcus, *Federal Practice & Procedure* § 3004.  *See also Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995) (stating that "the proper way to proceed . . . is for the Defendant to attack the judgment produced by the Rule 68 offer—which upon acceptance is to be automatically entered by the clerk—under Rule 60").  It appears that the immediate and automatic entry of judgment by the Clerk of Court was inadvertently overlooked.

*Order* [#41] at 2-3.  The present Motion [#45] followed entry of judgment by the Clerk of Court.

## II. Analysis

Plaintiffs ask the Court to reconsider the judgment entered in this case under Rule 68. *Motion* [#45].  They seek relief under Rule 60(b), which governs motions for relief from final judgments and orders.  "Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008) (quoting *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007)).  A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b).  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Pursuant to Rule 60(b), in the following circumstances, the Court may grant relief from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

 "Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." *Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004).  Here, Plaintiff seeks relief under only Rule 60(b)(3) and Rule 60(b)(6).

As an initial matter, it is worth noting that Rule 68 contains no requirement that the judgment which is offered and accepted must be immediately paid in full.  The Rule

contemplates entry of a judgment, nothing more.  A party in whose favor a judgment has been entered may enforce the judgment by obtaining a writ of execution and by executing the judgment in accordance with procedures set forth under state or federal law.  *See* Fed. R. Civ. P. 69(a)(1).  Further, a judgment creditor has several tools at his disposal for collection of the judgment, including an examination of the debtor under oath.  *See* Fed. R. Civ. P. 69(a)(2).  Nothing in Rule 68 abrogates the scheme contained in the Federal Rules for collection of judgments.  Hence, Rule 68 does not explicitly or implicitly provide for immediate payment of the judgment on acceptance of an Offer of Judgment.

## A.    Fed. R. Civ. P. 60(b)(3)

Rule 60(b)(3) may be used to address either fraud on the court or fraud between the parties.  *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005).  Here, Plaintiffs assert that there was fraud between the parties.  *See Motion* [#45] at 4. "Regardless of the specific form of the allegation, the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation. In other words, [he] must show clear and convincing proof of fraud, misrepresentation, or misconduct."  *Jones v. Ferguson Pontiac Buick GMC, Inc.*, 374 F. App'x 787, 788 n.1 (10th Cir. 2010).

Rule 60(b)(3) does not automatically provide a safe harbor for parties who accept an Offer of Judgment while operating on mistaken belief, especially when that mistaken belief is not caused by the opposing party.  As two examples, in *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1102 (9th Cir. 2006), relief was refused when an attorney allegedly misinformed her client regarding whether the client could be liable for the opposing parties' legal fees.  The client averred that this misinformation induced her to

accept a Rule 68 offer of judgment. *Id.* The *Latshaw* court disagreed, stating that alleged

fraud by a party's own attorney could not satisfy the "adverse party" requirement of Rule

60(b)(3). In *Barela v. City of Woodland*, No. C06-5431BHS, 2011 WL 2181790, at *3 (W.D.

Wash. June 3, 2011), relief was refused when the plaintiff asserted that he would not have

accepted the offer of judgment if he had known it would have limited his ability to seek

attorney's fees for an appeal.  The court found that the plaintiff had failed to present facts

either showing that his ability to request certain fees was impaired or that there was

misrepresentation or misconduct by the opposing party.  *Id.*

Here, Plaintiffs have failed to demonstrate by clear and convincing proof that

Defendant engaged in fraud, misrepresentation, or misconduct.  Although Plaintiffs state

they "would not have accepted the Offer of Judgment if they had known about the fraud,

misrepresentation and/or other misconduct," *Motion* [#45] at 4, Plaintiffs have failed to

adequately establish that the alleged fraud, misrepresentation, or other misconduct was

part of an "intent or deliberate plan or scheme to interfere with" Plaintiffs' case.  *Zurich N.

Am.*, 426 F.3d at 1292.  In fact, the misconduct of which Plaintiffs complain is Defendant's

alleged failure to inform them that Defendant would require a payment plan for any

judgment entered against it.  Yet, on October 6, 2014, a mere seventeen days before

making its Offer of Judgment, Defendant directly informed Plaintiffs during settlement

negotiations that "Plaintiffs would have to accept payment of [the offered] amount in an

installment plan, as [Defendant] is unable to pay this amount in full."  *Def.'s Ex. A, F.R.E.

408 Confidential Settlement Communication* [#36-1]; *see* 23 Wright & Graham, Federal

Practice and Procedure: Evidence § 5314 (stating that Federal Rule of Evidence 408 allows

an offer of compromise to be used "to prove a state of mind of the offeror other than

consciousness of liability"). Here, Defendant's written statement made directly to opposing counsel less than three weeks before the offer of judgment cuts against Plaintiffs' assertion that Defendant engaged in fraud, misrepresentation, or misconduct, since the Offer of Judgment is merely silent on this point.

Accordingly, the Court finds that the entered judgment should not be altered pursuant to Rule 60(b)(3).

**B.      Fed. R. Civ. P. 60(b)(6)**

The Court next turns to Plaintiffs' argument regarding Rule 60(b)(6). "The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses." *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002). "Courts have found few narrowly-defined situations that clearly present 'other reasons justifying relief'" under Rule 60(b)(6). *Okla. Chapter of Am. Acad. of Pediatrics v. Fogarty*, Nos. 05-5100, 05-5107, 2010 WL 3341881, at *2 (10th Cir. July 20, 2010). "Courts have granted relief under Rule 60(b)(6) 'when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable,' where a party is indigent or when it offends justice to deny such relief." *Mbaku v. Bank of Am., Nat'l Assoc.*, No. 12-cv-00190-PAB-KLM, 2014 WL 3906463, at *1 (D. Colo. Aug. 11, 2014) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231-32 (10th Cir. 1999)). "Rule 60(b)(6) relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed [by the Tenth Circuit] only if [the Court] find[s] a complete absence of a reasonable basis and [is] certain that the decision is wrong." *Morales v. Jones*, 480 F. App'x 898, 901 (10th Cir. 2012) (quoting *Zurich N. Am.*,

426 F.3d at 1293 (internal quotations, citations, and ellipses omitted)).

As grounds for relief here, Plaintiffs assert that Defendant's Offer of Judgment was made in bad faith, because Defendant "attempted to significantly change the terms and conditions of the Offer of Judgment <u>after</u> its acceptance." *Motion* [#45] at 6 (emphasis in original). However, the circumstances of this case do not justify amendment of the judgment under Rule 60(b)(6). For example, this is not a case where the party making an offer of judgment repudiated the agreement after acceptance by the opposing party. *See, e.g.*, *Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991). This is also not a case wherein Defendant has stated that it will not pay, or that it will pay an amount less than that purportedly offered and accepted. *See Response* [#47] at 1-2. Rather, the dispute merely centers around the timing of the payment to Plaintiffs. *See id.*

Rule 60(b)(6) does not permit relief here because Plaintiffs' "willing and voluntary signing of acceptance of a Rule 68 offer, which [they] later regret[ted] and/or seek[ ] to add additional terms to, does not present extraordinary circumstances so as to justify relieving [them] from a settlement under Rule 68." *Chatman v. Tyner*, No. 1:03-cv-06636-AWI-SMS PC, 2010 WL 2867845, at *3 (E.D. Cal. July 21, 2010). Ramifications caused by failure to consider a particular factor to be weighed in deciding whether to accept the offer do not equate to a misunderstanding of the settlement terms. *Id.* at *1 (citing *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1102 (9th Cir.2006)).

*Chatman v. Tyner* involved circumstances remarkably similar to the instant case.

Plaintiff requests that his consent to settlement be voided based on his uncertainty in as much as he was not aware when the payment of settlement monies would be made, [among other reasons]. [However,] Plaintiff has

shown that when he signed the offer of judgment, he understood the unambiguous settlement terms—that he would receive $10,000 in exchange for an entry of judgment of dismissal with prejudice in this matter. [footnote omitted].  The timing of payment . . . [was] not part of the settlement terms. Ramifications caused by and/or factors to be weighed in deciding to accept the offer (i.e. when he would receive the settlement monies payment . . .) do not equate to a misunderstanding of the terms of settlement offered by Defendants.  Plaintiff's subsequent concerns as to the timing of . . . payment of the settlement monies [is a] collateral matter[ ], insufficient to void his consent to the settlement offer.  An offer under Rule 68, "once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured." [citation omitted].  "[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."  *Latshaw*, 452 F.3d at 1011, quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir.1999).  Plaintiff's retrospective contemplations of possible settlement ramifications do not . . . entitle him to have the settlement voided . . . .

2010 WL 2867845, at *1.  Although the discussion in *Chatman* here stemmed from Rule 60(b)(1), its reasoning directly applies to Plaintiffs' argument of bad faith under Rule 60(b)(6).  Plaintiffs assert that Defendant's offer was in bad faith, but, rather, Plaintiffs seek to impose a non-existent term on the agreement, a term which was not actually included in the agreement and to which Defendant did not adhere.  Plaintiffs understood the unambiguous terms of the settlement agreement, i.e., they would receive a fixed amount of money in exchange for entry of judgment dismissing this matter with prejudice.  *Def.'s Fed. R. Civ. P. 68 Offer of Judgment* [#32-1].  No action taken or avoided by Defendant has changed that outcome.  Here, especially because Plaintiffs were aware before the Offer of Judgment was made that Defendant might not be able to make a lump-sum payment, they were on notice of an issue that they should have contemplated prior to acceptance of the Offer of Judgment.  Thus, the Court cannot conclude that Defendant altered the terms of the agreement in bad faith after Plaintiffs accepted the Offer of Judgment.  There is no

reason to believe that Plaintiffs will not ultimately obtain the money that they agreed to accept to settle their claims.  In light of these considerations, the Court cannot find that it "offends justice" to deny relief to Plaintiffs under Rule 60(b)(6).  *Morales*, 480 F. App'x at 901.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#45] is **DENIED**.

Dated:  January 23, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge