IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00458-KLM

LEONARD MARTINEZ,
DOUG PATRICK,
SAMANTHA PATRICK,
DEVIN QUINTANA,
SCOTT ROSENBAUM,
STEVEN ROSENBAUM,
JOSEPH VIALPANDO,
MICHAEL WOLFE,
DENNIS GREGORY,
FRANCISCO MEDINA, and
SCOTTIE LEE WRAY,

    Plaintiffs,

v.

RED'S TOWING,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Fed. R. Civ. P. 12(b)(1) Motion to Dismiss** [#50][1] (the "Motion"). Plaintiffs Michael Wolfe ("Wolfe") and Leonard Martinez ("Martinez") filed a Response [#52] in opposition to the Motion, and Defendant filed a Reply [#56]. For the reasons set forth below, the Motion [#50] is **DENIED**.

### I. Background

On November 2, 2014, Plaintiffs filed a Notice of Acceptance of Offer of Judgment

---

[1] "[#50]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Order.

-1-

[#32], stating that all Plaintiffs except Mr. Martinez and Mr. Wolfe accepted Defendant's Offer of Judgment [#32-1]. The Offer of Judgment states in relevant part:

> Defendant, Red's Towing, by its undersigned attorney, pursuant to Fed. R. Civ. P. 68, respectfully submits the following offer of judgment:
>
> 1. The sum of $370.44 plus an equal amount as liquidated damages, for a total of $740.88 to Plaintiff Leonard Martinez.
>
> . . .
>
> 8. The sum of $1,409.46 plus an equal amount as liquidated damages, for a total of $2,818.92 to Plaintiff Michael Wolfe.
>
> . . .
>
> 13. Defendant agrees to pay all costs incurred by Plaintiffs up to and including the date of this offer.
>
> 14. Defendant agrees to pay all reasonable and necessary attorney fees, as determined by the Court, incurred by Plaintiffs up to and including the date of this offer.
>
> 15. Defendant believes this offer compensates Plaintiffs with the maximum amount they could recover under the law. Defendant's offer is in exchange for the settlement of all Plaintiffs' claims against Defendant, and dismissal, with prejudice, of the above-captioned lawsuit. The offer shall be withdrawn if not accepted within 14 days of service.

*Offer of Judgment* [#32-1].[2] In the present Motion, "Defendant moves to dismiss the claims of Plaintiffs Martinez and Wolfe as moot because Defendant's Offer of Judgment presented Plaintiffs with the maximum recovery of overtime that they could obtain under their FLSA claims." [#50] at 4.

## II. Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) attacks a court's subject

---

[2] Although the Offer of Judgment states that it concerns "all Plaintiffs' claims against Defendant," the parties have proceeded on the understanding that the acceptance of the Offer of Judgment is valid as to only nine of the eleven Plaintiffs.

matter jurisdiction. The determination of a court's jurisdiction over the subject is a threshold question of law. *Madsen v. United States ex. rel. United States Army Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). The objection that a federal court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may be raised by a party, or by a court on its own initiative, at any stage in the litigation. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). If at any time, the Court determines that it lacks subject matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh*, 546 U.S. at 506.

Mootness is an issue of subject matter jurisdiction, which can be raised at any stage of the proceedings. *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001). This Court has no jurisdiction to consider moot cases, that is, cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted). "It is a basic principle of Article III that a justiciable case or controversy must remain extant at all stages of review, not merely at the time the complaint is filed." *Deberry v. Davis*, 460 F. App'x 796, 799 (10th Cir. 2012) (internal quotations and citation omitted). A claim may become moot at any point in the controversy and deprive the Court of authority to decide questions which had previously been at issue. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990). "[I]t is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *McLendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996).

### III. Analysis

Regarding the mootness issue,[3] Defendant primarily cites to case law predating the United States Supreme Court decision in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), and subsequent cases from the District of Colorado analyzing the consequences of that decision. *See Delgado v. Castellino Corp.*, No. 13-cv-03379-MSK-MJW, 2014 WL 4339232 (D. Colo. Sept. 2, 2014); *Perez v. Pinon Mgmt., Inc.*, No. 12-cv-00653-RM-MEH (D. Colo. Nov. 4, 2014); *Witt v. GC Servs. Ltd. P'ship*, No. 13-cv-02834-RBJ-CBS, 2015 WL 273838 (D. Colo. Jan. 20, 2015).[4] Chief Judge Krieger thoroughly explained in *Delgado v. Castellino Corp.*, 2014 WL 4339232, at *1-2, that non-acceptance of a defendant's offer of settlement in the full amount of the plaintiffs' possible recovery does not render the plaintiffs' claim moot. As Judge Jackson later succinctly summarized:

> [T]he Court agrees . . . that the dissenting opinion in *Genesis Healthcare*, which finds that non-acceptance does not moot a plaintiff's claim, is the better reasoned approach. I pause to add that in this respect the dissent did not disagree with a position taken by a majority of the Supreme Court, but instead addressed a question that the majority declined to confront. As the court explained in *Delgado*, "four members of the dissent have indicated, in stark and unflinching terms, that they absolutely reject the notion that an unaccepted Offer of Judgment can operate to moot a plaintiff's claim." 2014 WL 4339232 at *3. On the other hand, "the majority merely assumes the applicability of a doctrine that the dissent so vigorously rejects, never actually endorsing it." *Id.* (emphasis in original). The *Delgado* order also expands on the Tenth Circuit *Lucero* [*v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011),] opinion, explaining that it "expresses only lukewarm enthusiasm for the [mootness-by-unaccepted-offer] doctrine, acknowledging only that 'other circuits have concluded' that a sufficient offer activates the mootness doctrine." *Id.* (quoting *Lucero*, 639 F.3d at 1243). This Court agrees with Chief Judge Krieger's analysis. Given the weight of the statements of four justices of the Supreme Court alongside the failure of the Tenth Circuit to ever expressly adopt the mootness-by-unaccepted-offer

---

[3] Regarding this portion of the analysis, the Court assumes that Defendant has made an offer of judgment to Plaintiffs Martinez and Wolfe that would provide them with the full amount of their potential recovery. This issue is addressed more fully below.

[4] The Court acknowledges that *Witt v. GC Services Limited Partnership* was issued after the present Motion was fully briefed.

      doctrine, the Court errs on the side of caution and finds that Ms. Witt's claims are not moot.

*Witt*, 2015 WL 273838, at *2.

As noted, the Tenth Circuit has never directly addressed the mootness-by-unaccepted-offer doctrine, and last indirectly addressed the doctrine in a 2011 opinion. *See Lucero*, 639 F.3d at 1243. Justice Kagan explained in her 2013 *Genesis Healthcare* dissenting opinion that "a case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. By [this] measure[ ], an unaccepted offer of judgment cannot moot a case. . . . [Rule 68] prohibits a court from considering an unaccepted offer for any purpose other than allocating litigation costs—including for the purpose of entering judgment for either party. . . . The Rule provides no appropriate mechanism for a court to terminate a lawsuit without the plaintiff's consent." *Genesis Healthcare*, 133 S. Ct. at 1533, 1536 (Kagan, J., dissenting) (internal quotation marks and citations omitted). Having considered the 2013 opinions in *Genesis Healthcare* and the subsequent trend in this District as embodied by *Delgado*, *Perez*, and *Witt*,[5] the Court agrees with Plaintiffs Martinez and Wolfe that their claims are not moot simply because they did not accept a Rule 68 offer of judgment that purportedly would afford them full relief on their claims. *Response* [#52] at 4.

In the alternative, Defendant "requests that [the Court] enter judgment in favor of Plaintiffs [Martinez and Wolfe] in the amounts delineated in the Offer of Judgment." *Motion*

---

[5] The Court acknowledges that there is a split in this District regarding this issue. Judge Daniel in *Jacobson v. Credit Control Services, Inc.*, No. 13-cv-03307-WYD-MJW, 2014 WL 4636449, at *2 (D. Colo. Sept. 17, 2014), determined that "when an Offer of Judgment unequivocally offers a plaintiff all the relief she sought to obtain, the offer renders the plaintiff's action moot." The analysis, however, did not consider the consequences of the Supreme Court's decision in *Genesis Healthcare*.

[#50] at 6 n.4.  In *Miranda v. Receivables Performance Management, LLC*, No. 12-cv-02507-MSK-MJW, 2013 WL 3958367, at *2 (D. Colo. Aug. 1, 2013), Chief Judge Krieger reasoned that "[r]egardless of whether [the plaintiff] had good cause to refuse the offer as tendered, if the offer is deemed reformed to propose complete relief, there can be no cognizable reason for [the plaintiff] to refuse it."  She concluded that, "[i]n order to cure any mistakes made by either party without further belaboring this action or causing additional unproductive expenditure of attorney time, the Court will deem [the defendant's] offer to constitute an offer of $1,001 in statutory damages, costs, and a reasonable attorney's fee, and further deems [the plaintiff] to have accepted it."  *Id.*  Chief Judge Krieger than entered judgment in favor of the plaintiff on those terms.  *Id.*

Similarly, in *Witt v. GC Services Limited Partnership*, 2015 WL 273838, at *2, Judge Jackson relied on *Miranda* and *Genesis Healthcare* to determine that, even though the plaintiff's claims were not rendered moot by her failure to accept an offer of judgment that provided for full relief:

> [I]n the circumstances presented here, the Court declines to permit Ms. Witt's claims to move forward to trial.  A court has discretion to halt a lawsuit by entering judgment for the plaintiff when the defendant unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory.  Regardless of whether Ms. Witt had good cause to refuse the offer as tendered, if the Court remedies the alleged defects so that the offer proposes complete relief, there can be no arguable reason for Ms. Witt to refuse to accept it.  As such, the Court deems GC Services' offer to constitute an offer of $1000 in statutory damages, costs, and a reasonable attorney's fee. The Court further deems Ms. Witt to have accepted it.  The Court will enter judgment in favor of Ms. Witt on those terms.

(internal citations and quotation marks omitted).

The circumstances in the present case differ somewhat from those in *Miranda* and *Witt*.  Each of those cases involved claims with a statutory cap on damages under the Fair

Debt Collection Practices Act.  Calculation of damages in the present matter, which primarily asserts claims under the Fair Labor Standards Act, is of a more nuanced nature, because there is not a similar statutory cap on damages.  Further, the Second Amended Complaint [#21] does not contain a demand for a specific dollar amount with which to compare the amounts offered by Defendant to Plaintiffs Martinez and Wolfe.  Although Defendant argues that the evidence supports its assertion that it has offered the maximum amount Plaintiffs can recover, Plaintiffs contest this assertion and argue that the present evidence and uncompleted discovery demonstrates otherwise.  The Court is not inclined to enter judgment as in *Miranda* or *Witt* under these differing circumstances.  Determining the maximum amount of damages to which Plaintiffs Martinez and Wolfe are entitled is an issue better suited for summary judgment motions practice (if Defendant is correct that there is no issue of material fact) or for the trier of fact (if Plaintiffs Martinez and Wolfe are correct that there is or will be an issue of material fact upon the completion of discovery).

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#50] is **DENIED**.

Dated:  March 23, 2015

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge