IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00458-KLM

LEONARD MARTINEZ,
DOUG PATRICK,
SAMANTHA PATRICK,
DEVIN QUINTANA,
SCOTT ROSENBAUM,
STEVEN ROSENBAUM,
JOSEPH VIALPANDO,
MICHAEL WOLFE,
DENNIS GREGORY,
FRANCISCO MEDINA, and
SCOTTIE LEE WRAY,

      Plaintiffs,

v.

RED'S TOWING,

      Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiffs' **Motion for Attorney's Fees** [#63][1] (the

"First Motion"), to which Defendant filed a Response [#65] in partial opposition and Plaintiffs

filed a Reply [#66]; on Plaintiffs' **Motion for Attorney's Fees** [#76] (the "Second Motion"),

to which Defendant filed a Response [#77]; and on Plaintiffs' **Amended Motion for**

**Attorney's Fees** [#78] (the "Amended Motion"), to which Defendant filed a Response [#79]

and Plaintiffs filed a Reply [#80].  For the reasons set forth below, the First Motion [#63]

_____

[1]  "[#63]" is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the Court's case management and electronic case filing system
(CM/ECF).  The Court uses this convention throughout this Order.

and Amended Motion [#78] are **GRANTED in part and DENIED in part**, and the Second Motion [#76] is **DENIED as moot**.[2]

On November 2, 2014, Plaintiffs filed a Notice of Acceptance of Offer of Judgment [#32], stating that all Plaintiffs except Mr. Martinez and Mr. Wolfe accepted Defendant's Offer of Judgment [#32-1]. The Offer of Judgment states in relevant part: "Defendant agrees to pay all reasonable and necessary attorney fees, as determined by the Court, incurred by Plaintiffs up to and including the date of this offer." *Offer of Judgment* [#32-1].[3] In the First Motion [#63], Plaintiffs seek a determination by the Court as to the amount of "all reasonable and necessary attorney fees" that must be paid by Defendant. Defendant does not contest that it must pay Plaintiffs' attorneys' fees in accordance with the accepted Offer of Judgment.

On May 5, 2015, the parties filed a Stipulated Motion to Dismiss With the Court Determining Reasonable Costs [#74], in which the parties state that they have settled the claims with respect to the remaining two Plaintiffs, Mr. Martinez and Mr. Wolfe, and that as part of the settlement they agreed to have the Court determine the reasonable fees and costs that should be paid by Defendant. These fees are the subject of the Amended Motion [#78]. The Court addresses both the First Motion [#63] and the Amended Motion [#78] simultaneously, because the requested fees and costs do not appear to overlap and the Motions therefore complement one another.

## A. Attorneys' Fees

---

[2] The Second Motion [#76] was amended by, and thus superceded by, the Amended Motion [#78].

[3] Although the Offer of Judgment states that it concerns "all Plaintiffs' claims against Defendant," the parties have proceeded on the understanding that the acceptance of the Offer of Judgment is valid as to only nine of the eleven Plaintiffs.

Pursuant to D.C.COLO.LCivR 54.3, a party seeking an award of expenses must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and a summary of the relevant qualifications and experience." Plaintiffs submitted three Affidavits [#63-3, #63-4, #76-1] authored by Attorney Sara A. Green ("Green") and Attorney Karen O'Connor ("O'Connor"). The Affidavits, along with supporting documentation, include an itemized list of fees incurred [#63-1, #78-2], the hourly rates charged by counsel, their experience, and costs expended [#63-6, #78-3]. The Court finds that Plaintiffs have satisfied the requirements of Local Rule 54.3.

## 1. Hourly Rates

Both implicit in any award of attorneys' fees, and explicit in the award in the instant case, is the requirement that any such fees must be reasonable. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (stating that a party requesting attorneys' fees has burden to "prove and establish the reasonableness of each dollar, each hour, above zero"); *Robinson*, 160 F.3d at 1281 (stating that a prevailing party must make good faith effort to exclude from a fee request any excessive, redundant or otherwise unnecessary hours). A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996). The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998). In order to satisfy this burden, Plaintiffs must produce "satisfactory evidence–in addition to the attorney's own affidavits–that the

requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiffs request attorneys' fees calculated at the rate of $400 per hour for Ms. Green and $350.00 per hour for Ms. O'Connor. *See Motion* [#63] at 7. In support of these attorneys' hourly rates, Ms. Green provides Affidavits [#63-3; #76-1] in which she states that she is an attorney employed by Bachus & Schanker, LLC; that she has been a practicing attorney for thirteen years; that she has tried over thirty jury trials and sixty bench trials; and that she has represented numerous clients on employment-related matters. Ms. O'Connor provides an Affidavit [#63-4] in which she states that she has been a practicing attorney for eight years, primarily practicing in Florida and more recently in Colorado; that she has tried over sixty jury trials and twenty bench trials; that she has represented numerous clients on employment-related matters; and that in 2014 she was lead counsel and sole trial counsel for a Fair Labor Standards Act ("FLSA") Collective Action involving numerous plaintiffs.

The Court calculates fees based on prevailing rates in the Denver metropolitan area. *See Scadden v. Weinberg, Stein & Assoc., LLC*, No. 12-cv-02454-PAB-MEH, 2013 WL 1751294, at *5 (D. Colo. Apr. 23, 2013). The parties direct the Court's attention to the following cases. First, Plaintiffs cite *Duran v. Koehler*, No. 10-cv-01569-REB-KMT, 2014 WL 4197578, at *3 (D. Colo. Aug. 25, 2014), in which the District Judge approved (in the absence of argument or evidence from the defendant), an hourly rate of $300 per hour for

attorneys with three years of experience in civil rights litigation.[4]  *First Motion* [#63] at 8; *Reply* [#66] at 2; *Amended Motion* [#78] at 7; *Reply* [#80] at 2.  Second, Defendant cites *Olivares v. UFP Lafayette, LLC*, No. 12-cv-01082-CMA-KLM, 2013 WL 2477124, at *1 (D. Colo. June 10, 2013), in which the District Judge approved a billing rate of $280.00 per hour for lead counsel and $200 per hour for co-counsel in a FLSA case.  *Response* [#65] at 4-5.  Third, Defendant cites *Home v. Scott's Concrete Contractor, LLC*. No. 12-cv-01445-WYD-KLM, 2013 WL 3713905, at *10 (D. Colo. Apr. 24, 2014), in which the undersigned approved billing rates of $280.00 and $200.00 per hour for the attorneys in a FLSA case. *Response* [#65] at 5.

Plaintiffs provide a copy of the Colorado Bar Association's *2012 Economic Survey Snapshot. Pls.'s Ex. 5* [#63-5].  Using this document, Defendant provides a well-reasoned analysis of Ms. Green's and Ms. O'Connor's hourly rates as they relate to associates with their level of experience in their line of work at a firm in downtown Denver the size of Bachus & Schanker.  *Response* [#65] at 2-4.  Taking into account these factors, Defendant appropriately concludes that a median hourly rate for Ms. Green is about $240 per hour and for Ms. O'Connor is about $225.  *Id.* at 4.  The Court notes, however, that these median rates are for 2012 and not for 2014-2015, the time frame in which this case was litigated.

"If the district court does not have adequate evidence of prevailing market rates for attorney fees, then it may, 'in its discretion, use other relevant factors, including its own knowledge, to establish the rate.'  A district judge may consider his or her 'own knowledge

_____

[4] Plaintiffs did not provide either the Westlaw citation for this opinion or the docket number of the motion [#121] and opinion [#151] in Civil Action 10-cv-01569-REB-KMT.  The opinion [#151] does not specifically state the hourly rate and experience for these attorneys.  The underlying motion [#121] provides this information at page 17, note 7.

of prevailing market rates as well as other indicia of a reasonable market rate.'" *Reichers v. Del. Asset Mgmt.*, No. 13-cv-02171-CMA-CBS, 2013 WL 6096136, at *3 (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006)).  Based on the Court's experience, as well as the evidence and case law provided by the parties regarding the prevailing market rate in the Denver area for attorneys of Ms. Green's and Ms. O'Connor's experience representing plaintiffs in this type of case, the Court finds that hourly billing rates of $300 per hour for Ms. Green and $250 per hour for Ms. O'Connor are reasonable rates for Plaintiffs' attorneys.  *See Home Loan Investment Co. v. St. Paul Ins. Co.*, ___ F. Supp. 3d ___, 2014 WL 6723965, at *6-7 (D. Colo. Nov. 25, 2014) (generally discussing the prevailing rates for attorneys in Colorado).

### 2.    Hours Expended

A party seeking an award of attorneys' fees must demonstrate that the expenses it seeks are reasonable.  *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007).  Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Generally, the starting point for any calculation of reasonable attorneys' fees is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate.  *Hensley*, 461 U.S. at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996).  The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion.  *Hensley*, 461 U.S. at 436-37.

Defendant argues that the hours billed by Ms. Green with respect to two types of tasks should be reduced or eliminated.  *See Response* [#65] at 6.  First, Ms. Green

expended 8.0 hours total on December 2 and 22, 2013, researching the viability of this case. *Pls. Ex. 1* [#63-1] at 1-2. Defendant argues that this was excessive, given Ms. Green's experience in this area of the law. *Response* [#65] at 6. Second, Ms. Green expended 0.5 hours total on August 27, 2014, September 2 and 11, 2014, and October 14, 2014, to file various motions and other documents with the Court. *Pls. Ex. 1* [#63-1] at 7, 8, 12. Defendant disputes the time relating solely to the filing of the documents, not the time regarding other connected tasks such as the drafting or conferral. *Response* [#65] at 6.

The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall. *Hensley*, 461 U.S. at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute). Based on the undersigned's thirty years of combined private and judicial experience and careful consideration of the Affidavits and the issues underlying this matter, the Court finds that the claimed hours are reasonable here. *See, e.g., Onesource Commercial Prop. Servs., Inc. v. City & Cnty. of Denver*, No. 10-cv-02273-WJM-KLM, 2011 WL 3583398, at *2 (D. Colo. Aug. 12, 2011).

Thus, the Court finds that: (1) Ms. Green's hourly compensation of $300.00 is reasonable; (2) Ms. O'Connor's hourly compensation of $250.00 is reasonable; (3) the 138.6 hours of attorney time recorded by Ms. Green are reasonable, *see* [#63-1] at 13,

[#78-2] at 2; and (4) the 9.5 hours of attorney time recorded by Ms. O'Connor are reasonable. Accordingly, the Court concludes that Plaintiffs are entitled to an award of $43,955.00 in attorneys' fees.

**B.     Costs**

Defendant does not contest $1,178.28 in costs. *First Motion* [#63] at 9; *Response* [#79] at 3. Defendant does contest the $4,580.00 in costs attributed to Plaintiffs' retention of an expert witness to conduct calculations of overtime allegedly owed to them. *Response* [#79] at 1.

The parties are generally in agreement that Plaintiffs are to be awarded costs in this action. *See Stipulated Motion to Dismiss With the Court Determining Reasonable Fees and Costs* [#74]; *Defendant's Fed. R. Civ. P. 68 Offer of Judgment* [#32-1]. However, the appropriate method for determining the amount of and obtaining the award of costs is to follow the procedure outlined in D.C.COLO.LCivR 54.1.

Accordingly, to the extent the parties seek an order determining the amount of costs to be awarded to Plaintiffs, the request is **denied without prejudice**. The parties are directed to comply with D.C.COLO.LCivR 54.1 with respect to the award of costs in this action.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the First Motion [#63] is **GRANTED in part and DENIED in part**.

IT IS FURTHER **ORDERED** that the Amended Motion [#78] is **GRANTED in part and DENIED in part**.

IT IS FURTHER **ORDERED** that the Second Motion [#76] is **DENIED as moot**.

IT IS FURTHER **ORDERED** that Plaintiffs are awarded attorneys' fees in the amount of $43,955.00.

IT IS FURTHER **ORDERED** that the Judgment [#42] entered on November 26, 2014, is **AMENDED** to include the award of attorneys' fees to Plaintiffs.

Dated:  July 23, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge